
W. KIRK MOORE Bar # 244764
LEGAL HELPERS, P.C.
564 Market Street, Suite 300
San Francisco, CA 94104
Telephone: 866-339-1156
Email: wmo@legalhelpers.com

Attorney for Plaintiff
JIM GATEWOOD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Jim Gatewood<br>49 Eagle St.<br>San Francisco, CA 94114<br><br>    Plaintiff,<br><br>v.<br><br>Firstsource Advantage, LLC d/b/a Account Solutions Group, LLC<br>c/o Tony Frisicaro, President<br>205 Bryant Woods South<br>Amherst, NY 14228<br><br>    Defendant. | CASE NO.: 3:07-cv-04273<br><br>JUDGE: Jeffrey S. White<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

**1.** Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under the Doctrine of Supplemental Jurisdiction. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On March 23, 2007, Plaintiff informed "Jenny", Defendant's employee and agent, that he had retained a bankruptcy attorney and provided contact information.

10. Despite this notice, on March 24, 2007, Defendant contacted Plaintiff via telephone.

11. Despite this notice, on March 25, 2007, Defendant contacted Plaintiff via telephone.

12. Despite this notice, on March 26, 2007, Defendant contacted Plaintiff via telephone.

13. On dates to be determined through discovery, Defendant contacted Plaintiff's parents and disclosed that Plaintiff had a debt.

14. During one of the communications referenced in paragraph 13, Defendant lied to Plaintiff's parents and told them that Plaintiff had given Defendant their phone number and had given Defendant authority to call them.

15. On a date to be determined through discovery, Plaintiff's parents informed Defendant that they did not wish to be contacted anymore, and, despite this request, Defendant immediately called them back.

16. On dates to be determined through discovery, Defendant contacted Plaintiff's landlord in connection with its collection of Plaintiff's debt on at least two occasions.

17. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

18. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

19. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant was told by the Plaintiff they were represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e by making false and misleading representations to Plaintiff's parents.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692d through harassing and abusive phone calls to Plaintiffs parents.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692c when it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant was told by the Plaintiff they were represented by an attorney.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692c when it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT NINE

### Violation of the Rosenthal Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692c when it contacted a third party more than once and without justification for multiple contacts.

## COUNT TEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT ELEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e when it made false and misleading representations to Plaintiff's parents.

## COUNT TWELVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

**42.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**43.** The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692d when it made harassing and abusive phone calls to Plaintiffs parents.

## COUNT THIRTEEN

### Invasion of Privacy by Intrusion upon Seclusion

**44.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**45.** Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

**46.** Defendants intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

**47.** Plaintiffs have a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

**48.** The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

**49.** As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## JURY DEMAND

**50.** Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

**51.** Plaintiff prays for the following relief:

    a. Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against defendant for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to The Rosenthal Fair Debt Collection Practices Act.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:   s/ W. Kirk Moore
    W. Kirk Moore
    Bar # 244764
    Attorney for Plaintiff
    564 Market Street, Ste. 300
    San Francisco, CA 94104
    Telephone:  866-339-1156
    Email:  wmo@legalhelpers.com